UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADFORD METCALF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0206 (ESH) |
| ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on defendants' motion to dismiss or transfer.[1]  The Court

has considered defendants' motion and plaintiff's opposition, and concludes that transfer of this

action to the United States District Court for the Southern District of Indiana is in the interest of

justice.

I.  BACKGROUND

Plaintiff was "charged with various counts related to the possession of machine guns and

destructive devices, plots to kill federal officials and the possession of a semiautomatic assault

weapon during and in relation to a crime of violence," and a jury found him  "guilty of all but one

---

[1]     In his original Complaint, plaintiff "requests release from custody of the Bureau
of Prisons because he was unconstitutionally obstructed from access to the courts to prove his
innocence, which in turn, has caused an unconstitutional confinement."  Compl. at 11.  This
Court "may not entertain a habeas petition involving present physical custody unless [plaintiff's]
custodian is within its territorial jurisdiction."  *Stokes v. United States Parole Comm'n*, 374 F.3d
1235, 1239 (D.C. Cir.), *cert. denied*, 543 U.S. 975 (2004).  Plaintiff is incarcerated in Indiana,
and, for this reason, plaintiff's Motion to Hold Habeas Corpus Petition in Abeyance [Dkt. #37]
will be denied without prejudice.

count." *United States v. Metcalf*, No. 99-1667, 2000 WL 924171, at *2 (6th Cir. June 28, 2000),

*cert. denied*, 531 U.S. 1053 (2000).  He was sentenced to a term of 480 months' imprisonment,

*Metcalf*, 2000 WL 924171, at *2 , and now is incarcerated at a federal correctional complex in

Terre Haute, Indiana ("FCC Terre Haute").  *See* Compl. at 1.

Plaintiff alleges that prison staff "denied [him] access to a publication entitled Shotgun

News," Compl. at 3, on the ground that "it contains information showing the complete

breakdown of weapons which if obtained could endanger the security of the institution."  *Id.* at 5;

*see* Supp. Compl. at 1-2 & Ex. 18.  According to plaintiff, he has "an evidentiary need for this

published material in order to prove his innocence."  Compl. at 4 (emphasis in original).  Denial

of access to this and similar publications, he asserts, denies him meaningful access to the courts.

*Id.* at 6.  In addition, plaintiff alleges that, because other prisoners are allowed to receive

publications pertaining to firearms, he "has been unequally treated by Terre Haute prison staff,

denying him his right to due process."  *Id.* at 8.

In a separate count, plaintiff challenges the Bureau of Prisons policy pursuant to which

funds are deducted from a prisoner's trust fund account for payment of court-imposed fines.

Compl. at 9-10.  He alleges that the deduction of funds exceeds the amount authorized under

federal law and accuses defendants of extortion.  *See id.*

## II.  DISCUSSION

Among other arguments, defendants assert that this Court lacks personal jurisdiction over

most of the named defendants and that venue in this district is improper.  Defs.' Mot. at 4-11.

"Courts in this jurisdiction must examine challenges to personal jurisdiction and venue carefully

to guard against the danger that a plaintiff might manufacture venue in the District of Columbia.

By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

### A. Personal Jurisdiction

The Court engages in a two-part inquiry in order to determine whether it may exercise personal jurisdiction over a non-resident defendant. First, the Court must determine whether jurisdiction may be exercised under the District of Columbia's long-arm statute. *GTE New Media Servs., Inc. v. Bell South Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Second, the Court must determine whether the exercise of personal jurisdiction satisfies due process requirements. *Id.* (citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)).

A District of Columbia court may exercise personal jurisdiction over a non-resident defendant who either (1) transacts any business in the District, (2) causes tortious injury in the District by an act or omission in the District, or (3) causes tortious injury in the District "by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia."[2] D.C. Code § 13-423(a). Plaintiff bears the burden of establishing that personal jurisdiction under the long-arm statute exists "by demonstrating a factual basis for the exercise of such jurisdiction over the defendant." *Novak-Canzeri v. Saud*, 864 F. Supp. 203, 205 (D.D.C. 1993) (citing *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988)). Plaintiff does not meet his burden.

---

[2]     The District's long-arm statute sets forth alternative bases for long-arm jurisdiction. *See* D.C. Code § 13-423(a). None of these alternatives is relevant in this case.

With the exception of defendants Lappin and Atwood, respectively the Director of and

Chief Trust Fund Manager for the Federal Bureau of Prisons, none of the defendants named in

plaintiff's original or Supplemental Complaint are alleged to reside or to conduct business in the

District of Columbia.  *See* Compl. at 2; Supp. Compl. at 1-2.  Although persistent conduct

undertaken in a person's individual capacity may constitute the transaction of business for

purposes of the long-arm statute, *see Pollack v. Meese*, 737 F. Supp. 663, 666 (D.D.C. 1990),

plaintiff's pleadings set forth no allegations that these defendants have any personal connection

with the District of Columbia.  The mere fact that these defendants are employees of the Federal

Bureau of Prisons, which is headquartered in the District, does not render them subject to suit in

their individual capacities in the District of Columbia.  *See Stafford v. Briggs*, 444 U.S. 527, 543-

45 (1980) (absent minimum contacts other than those arising from federal employment, court

may not exercise personal jurisdiction over federal official in his individual capacity).  Nor do the

pleadings establish that plaintiff suffered any injury in the District of Columbia.  The actual

injuries that plaintiff complains about occurred in Indiana.  Regardless of whether these

defendants acted in or outside of the District, plaintiff suffered no injury here.  Accordingly, the

Court concludes that it lacks personal over defendants Nalley, Bezy, Veach, Carlson, Baskerville,

Erwin, Roal, Morin and Reel under the District's long-arm statute.

### B.  Venue

"Many, if indeed not most, petitions filed by prisoners not confined in the District of

Columbia and not sentenced here originally, will tend to involve factors that make transfer to the

place of incarceration appropriate."  *Starnes v. McGuire*, 512 F.2d 918, 926 (D.C. Cir. 1974) (en

banc).  Defendants argue that any claims surviving their motion to dismiss should be transferred

to the United States District Court for the Southern District of Indiana under 28 U.S.C. § 1404(a).

*Id.* at 19-21.  Defendant bears the burden of establishing that the transfer of these actions to

another federal district is proper.  *See Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 3 (D.D.C.

2006).

In a civil action where the Court's jurisdiction is not based solely on diversity of

citizenship, as in this case, venue is proper in "(1) a judicial district where any defendant resides,

if all defendants reside in the same State, (2) a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any

defendant may be found, if there is no district in which the action may otherwise be brought."  28

U.S.C. § 1391(b).  Under these criteria, venue in this district is not proper.  Not all of the

defendants reside in the same state, and a substantial part of the events or omissions giving rise to

plaintiff's claims occurred elsewhere -- in the Southern District of Indiana where plaintiff

currently is incarcerated and where the events giving rise to his causes of action occurred.

Although venue in this district is not proper, the Court declines to dismiss this action as

defendants suggest.  *See* Defs.' Mot. at 9-11.  Rather, the Court is persuaded that transfer of this

action pursuant to 28 U.S.C. § 1404(a) is warranted.  Given the likelihood that witnesses and

relevant evidence are maintained at FCC Terre Haute, and given the difficulty of transferring

plaintiff for purposes of pursuing this litigation, the Court concludes that transfer to the United

States District Court for the Southern District of Indiana is both convenient for the parties and is

in the interest of justice.  *See Starnes v. McGuire*, 512 F.2d at 930-31; *Stern v. Fed. Bureau of

Prisons*, No. 07-cv-00564, 2007 WL 1555830, at *2 (D.D.C. Mar. 22, 2007) (federal prisoner's

case challenging the validity of the Inmate Financial Responsibility Program implemented by the

Bureau of Prisons transferred to district where prisoner was incarcerated and where all the events that gave rise to this action occurred); *Zakiya v. United States*, 267 F. Supp. 2d 47, 60 (D.D.C. 2003) (transferring action to the district where plaintiff properly may assert his claims against defendants in their individual capacities); *Joyner v. District of Columbia*, 267 F. Supp. 2d 15, 20-21 (D.D.C. 2003) (action against BOP and its employees, among others, brought by son of murdered prisoner transferred to district where murder occurred).

An Order consistent with this Memorandum Opinion will be issued separately.


                                        /s/
                                ELLEN SEGAL HUVELLE
                                United States District Judge


Date: January 7, 2008